STATE OF MAINE

BOARD OF OVERSEERS OF THE BAR          GCF No. 19-098

| | |
|---|---|
| Board of Overseers of the Bar )<br>               Petitioner         )<br>v.                                    )<br>                                    )<br>Randy L. Robinson, Esq.      )<br>  of Augusta, ME              )<br>  Me. Bar No. 009251        )<br>               Respondent    ) | **REPORT OF**<br>**FINDINGS AND ORDER OF**<br>**PANEL D OF THE GRIEVANCE**<br>**COMMISSION**<br>**M. Bar R. 13(e)** |

On December 3, 2021, with due notice, the Grievance Commission conducted a public disciplinary hearing pursuant to Maine Bar Rule 13(e)(7), concerning misconduct by the Respondent, Randy L. Robinson, Esq. This disciplinary proceeding had been commenced by the filing of a Disciplinary Petition by the Board of Overseers of the Bar (the Board) on December 9, 2019.

At the hearing, Attorney Robinson appeared and was represented by Jed Davis, Esq., and the Board was represented by Assistant Bar Counsel Alan P. Kelley. The Complainant did not attend this sanction hearing.

Prior to the disciplinary proceeding, the parties had submitted a stipulated, proposed sanction Report for the Grievance Commission Panel's review and consideration.

Having reviewed the agreed, proposed findings as presented by counsel, the Panel makes the following disposition:

## **FINDINGS**

Respondent Randy L. Robinson, Esq. (Attorney Robinson) of Augusta, Maine has been at all times relevant hereto an attorney duly admitted to and

engaging in the practice of law in the State of Maine and subject to the Maine Bar Rules. Attorney Robinson was admitted to the Maine Bar in 2002 and he is currently engaged in solo practice.

On February 24, 2019, Marianne Lynch Esq. filed a complaint against Attorney Robinson. On September 5, 2019 a panel of the Grievance Commission reviewed Attorney Robinson's action in this matter and found probable cause to believe that he had engaged in misconduct subject to sanction under the Maine Bar Rules. As a result, that review panel directed Bar Counsel to prepare and present a formal charges disciplinary petition before a different panel of the Grievance Commission.

This grievance complaint concerns Attorney Robinson's taking of a voice recorder belonging to a State Police Detective, which contained an interview of Attorney Robinson's client. In February of 2019, Attorney Robinson represented a client at a protection from abuse (PFA) hearing at the Penobscot Judicial Center. While Attorney Robinson and his client were at the courthouse, State Police Officers asked to interview Attorney Robinson's client.

Attorney Robinson and his client agreed to the interview, which was conducted in an office or conference room located at the courthouse. The State Police Detective conducting the interview recorded it on a voice recorder placed on a table in the interview room.

When the interview was completed, Attorney Robinson's client was placed under arrest and taken into custody. Attorney Robinson, without the knowledge or permission of the Detective or any of the other State Police Officers present, removed the Detective's voice recorder from the table and placed it in his pocket.

After Attorney Robinson left the room, the Detective realized that her voice recorder was missing from the table in the interview room. Attorney Robinson was stopped and asked about the voice recorder. When confronted, Attorney Robinson removed the voice recorder from his pocket, and asked whether the recorder was what they were looking for.

In a subsequent interview of Attorney Robinson about his taking of the voice recorder, he admitted that there was nothing else on the table, other than the voice recorder, but he denied that he was attempting to steal the evidence. Attorney Robinson described his actions as "just one of those bizarre things . . ."

Attorney Robinson failed to file an Answer to the Formal Disciplinary Charges Petition within the prescribed time. Therefore, under Maine Bar Rule 20(a), the facts set forth and the misconduct alleged therein are taken as admitted, and the only issue before the Panel was the matter of the appropriate sanction for the misconduct. In his response to Bar Counsel's investigation regarding District Attorney Lynch's complaint, Attorney Robinson stated that he did not recall taking the recorder, but that it did occur. He stated that he had "no idea at all" why he took the recorder and denied that he had any conscious plan to do so.

A neuropsychological evaluation by a clinical psychologist, which Attorney Robinson submitted, recommended individual behavioral therapy. Attorney Robinson has entered into a Monitoring Agreement with the Maine Assistance Program for Lawyers and Judges, which includes psychological counseling and supervision.

## **CONCLUSION AND SANCTION**

The Maine Rules of Professional Conduct specifically require attorneys to uphold their responsibilities to clients and the courts. Given that the facts set forth and the misconduct alleged in the Formal Disciplinary Charges Petition are admitted, Attorney Robinson's conduct in this matter violated M. R. Prof. Conduct 3.4 [fairness to opposing party and counsel] and 8.4 [conduct prejudicial to the administration of justice]. The panel notes that Attorney Robinson has taken responsibility for his transgressions. At the disciplinary hearing, Attorney Robinson expressed his remorse for his serious violations of the Maine Rules of Professional Conduct. He has agreed to a period of probation described separately in a Probation Decision and Mandate entered herewith.

The purpose of bar disciplinary proceedings is not punishment, but rather the protection of the public from attorneys who, by their conduct, have demonstrated that they are unable to properly discharge their professional duties. See M. Bar. R. 2(a). The evidence supports a finding that Attorney Robinson violated the Maine Rules of Professional Conduct, but there is little or no injury to a client, the public, the legal system, or the profession; there is little likelihood of repetition by Attorney Robinson; and he can be adequately supervised during a period of rehabilitation. The Panel finds that probation serves the purpose of protecting the public.

Therefore, the Panel accepts the agreement of the parties, including Attorney Robinson's separately executed waiver of the right to file a Petition for Review, and concludes that the appropriate disposition of this case is a period of

**Probation**, which is now hereby issued and imposed upon him pursuant to M. Bar R. 13(e)(10)(D) and 21(b)(4).

Date: _____

_____ 02/01/2022
L. Dennis Carrillo, Esq., Esq.
Panel Chair

_____
Megan A. Sanders, Esq., Esq.

Malcolm T. Dow  1.31.2022
_____
Malcolm T. Dow, (layperson)

STATE OF MAINE

BOARD OF OVERSEERS OF THE BAR            GCF No. 19-098

| | |
|---|---|
| Board of Overseers of the Bar ) | **PROBATION DECISION** |
|           Petitioner ) | **AND MANDATE** |
| v. ) | |
| ) | |
| Randy L. Robinson, Esq. ) | |
|  of Augusta, ME ) | |
|  Me. Bar No. 009251 ) | |
|           Respondent ) | |

This Decision and Mandate is incorporated by reference to the Report of Findings and Decision of February 1, 2022.

As the parties have agreed and this Panel has ordered, Attorney Randy L. Robinson shall submit his practice of law to a period of probation for a period of eighteen (18) months from the date of the sanctions hearing, December 3, 2021, making the end of the probation period June 3, 2023. The person serving as probation attorney is Stephen C. Whiting, Esq. of Portland, Maine. The term of such probation is eighteen months unless otherwise ordered by the Grievance Commission or the Maine Supreme Judicial Court (the Court). The Grievance Commission further directs that:

1. Any costs or fees associated with Attorney Whiting's service shall be borne by Attorney Robinson. At a minimum, Attorney Robinson shall pay Attorney Whiting a fixed fee of $200.00 per month, which shall equal $3,600 over the course of the eighteen-month supervision.
2. Attorney Robinson shall meet with Attorney Whiting at scheduled times, consistent with Attorney Whiting's directives. The meetings shall initially occur on a monthly basis, unless Attorney Whiting subsequently determines that more or less frequent meetings are appropriate.

3. Additionally, Attorney Robinson shall fulfill his obligations under a certain contract with the Maine Assistance Program (MAP), entered into on or about April 25, 2021, and remain in compliance with that contract through his eighteen-month probation, ending June 3, 2023, unless the MAP Director discharges him from the program. [1]
4. In the event of said discharge, Attorney Robinson or his counsel shall notify Attorney Whiting and Bar Counsel.
5. Attorney Robinson shall report any mental health or substance related hospitalizations, treatment, law enforcement involvement, use of illicit drugs to MAP, to Attorney Whiting and to Bar Counsel.
6. Attorney Robinson and Attorney Whiting shall develop a "probation plan" which includes but is not limited to Whiting's review of correspondence and communications sent by Attorney Robinson.
7. Attorney Robinson acknowledges that Attorney Whiting shall have the right to withdraw and terminate his probationary services at any time for any reason he deems necessary. If Attorney Whiting intends to do so, he shall notify Bar Counsel, Attorney Robinson and his counsel, Attorney Jed Davis, of his withdrawal. Thereafter, this matter may then be scheduled for further hearing as deemed appropriate by a Grievance Commission Panel or the Court.
8. If any aspect of the probationary process creates a situation, which is, or might be interpreted to be a conflict of interest under the Maine Rules of Professional Conduct, Attorney Whiting may adopt any one of the following courses with the proposed result:
    a. Attorney Whiting ceases to act as probation attorney and a potential conflict is avoided.
    b. If the conflict involves a client of Attorney Robinson, Attorney Whiting continues as the probation attorney, but totally excludes

---

[1] The MAP contract calls for supervision by Attorney Jed Davis, Esq. The Panel is ordering supervision by Attorney White instead to avoid any potential conflicts of interest for Attorney Davis.

       that client of Attorney Robinson from the process, so that no conflict is deemed to exist.

   c. If the conflict involves a client of Attorney Whiting, Attorney Whiting continues as probation attorney, but withdraws from the conflicted matter.

   d. Attorney Whiting continues as probation attorney and obligates Attorney Robinson not to participate in the matter and to promptly refer his client to successor counsel or the Lawyer Referral Service.

9. Attorney Whiting shall have the right to contact clerks of court, judges, opposing counsel, or Bar Counsel to monitor Attorney Robinson's compliance with his professional obligations.

10. Likewise, if Attorney Whiting determines that Attorney Robinson should refrain from accepting particular cases or otherwise expanding his practice, Attorney Whiting shall inform Attorney Robinson of that fact. Attorney Robinson shall then follow Attorney Whiting's directive to refrain or limit his acceptance of such cases, absent this Panel's (or the Court's) order to the contrary.

11. Attorney Whiting shall initiate no contact with any of Attorney Robinson's clients. Attorney Whiting's communications in the performance of his duties shall be with Attorney Robinson, Bar Counsel, Attorney Davis and other persons referenced above. However, if any clients of Attorney Robinson make contact with Attorney Whiting (with concerns about Attorney Robinson) those clients shall be referred to Bar Counsel's office.

12. Attorney Whiting's probations and monitoring of Attorney Robinson's practice <u>shall not</u> be deemed to create an attorney-client relationship between Attorney Robinson and Attorney Whiting or between Attorney Whiting and Attorney Robinson's clients. Specifically, Attorney Whiting shall be deemed not to represent Attorney Robinson or any of Attorney Robinson's clients or to be employed by them in any capacity and Attorney Whiting shall not have any responsibility of any nature to any of those clients. Moreover, the attorney-client privilege shall not apply to Attorney

    Whiting's monitoring of Attorney Robinson's practice, and Attorney Whiting shall be immune from any civil liability (including without limitation, any liability for defamation) to Attorney Robinson or any of Attorney Robinson's clients.

13. Attorney Whiting shall have the authority to review and examine any of Attorney Robinson's files, except those in which Attorney Whiting might have adverse interests under paragraph 8. In that event, Attorney Whiting shall notify Bar Counsel who may then develop an alternative means of file review.

14. Attorney Robinson shall prepare and present to Attorney Whiting two weeks in advance of their first meeting a list of all his current clients, showing each pending client's matter with a brief summary and calendar of the status thereof. For all subsequent meetings, Attorney Robinson shall prepare and present that information to Attorney Whiting at least one week in advance of the meeting.

15. Attorney Whiting agrees, as soon as practicable, to have Attorney Robinson establish a method of objectively identifying any delinquent client matters or other matters which have proven challenging for Attorney Robinson to manage. As soon as is practicable, Attorney Robinson shall establish and institute internal checks and controls to make his practice appropriately responsible to the needs of his clients and to the courts.

16. Attorney Whiting shall file a confidential report with the Grievance Commission Clerk at least every four months, but more frequently if he deems it necessary. The Report shall be copied to counsel for Attorney Robinson and Bar Counsel and it shall cover at least the following subjects:

    a. measures Attorney Robinson has taken to avoid problematic interactions with his clients, opposing counsel/litigants, jurists and clerks and others related to his practice of law.

    b. a description of any client matter identified as delinquent or problematic;

c. any professional assistance Attorney Whiting has provided to Attorney Robinson.

17. Attorney Whiting shall have the duty to report to the Commission and Bar Counsel any apparent or actual professional misconduct by Attorney Robinson of which Attorney Whiting becomes aware. Likewise, Attorney Whiting shall report to the Grievance Commission and to Bar Counsel any lack of cooperation by Attorney Robinson with the terms of this Decision.
18. The terms of this Decision and Mandate are effective upon the date of entry on the Grievance Commission's docket.

Date: February 2, 2022

*[signature]*

L. Dennis Carrillo, Esq.
Panel Chair
Grievance Commission Panel D